PEOPLE *v.* HARDIMAN.

HOMICIDE—EVIDENCE—DYING DECLARATION.

> In a prosecution for murder, a statement by the victim as to the cause and circumstances of the shooting, taken by the prosecuting attorney and his stenographer 16 hours before death, where the declarant, then in a dying condition, talked of death, of her belief in God, of her willingness to die after having made the statement, and asserted that it was made "in fear of impending death," was properly admitted in evidence as a dying declaration.

Error to recorder's court of Detroit; Stein (Christopher E.), J.    Submitted January 13, 1927.    (Docket No. 155.)    Decided April 1, 1927.

Homicide, 30 C. J. §§ 497, 504; 56 L. R. A. 382; 1 R. C. L. 538; 1 R. C. L. Supp. 190; 4 R. C. L. Supp. 40.

John Hardiman was convicted of murder in the second degree, and sentenced to imprisonment for not less than 15 nor more than 30 years in the State prison at Marquette.    Affirmed.

*Bratton & Bratton*, for appellant.

*William W. Potter*, Attorney General, *Robert M. Toms*, Prosecuting Attorney, and *Duncan C. McCrea*, Assistant Prosecuting Attorney, for the people.

McDONALD, J.    The defendant was convicted in the recorder's court for the city of Detroit of murder in the second degree.    To review such conviction he brings error.    It is the claim of the people that on October 21, 1925, he shot and killed one Alberta Hatter.    The proofs show that the parties were illicitly living together, and on the night of the killing had attended a party where they quarreled because she refused to go home with him.    After attempting violence and making some threats as to what he would do when she got home, the defendant left.    Shortly thereafter, the deceased followed him.    When she arrived home he shot her.    He admits the shooting, but claims that he did so in self-defense.    Mrs. Hatter was not instantly killed.    She was taken to the receiving hospital, where an examination disclosed that the bullet had entered her left lower abdomen, passed through the intestines and uterus, and lodged in the top of the coccix.    She reached the hospital at 1:20 a. m., on October the 21st, and died at 2 a. m., on the 23d.    Sixteen hours before death, her statement as to the cause and circumstances of the shooting was taken by the prosecuting attorney and his stenographer.    On the trial this statement was offered and received in evidence as a dying declaration.    Whether the court erred in receiving this evidence is the only question presented by the record.

When the statement was offered by the prosecuting

attorney, counsel for the defendant made the following objection:

"My objection, your honor, is that a dying declaration does not qualify under the law as being a dying declaration unless there is some evidence showing that this dying statement was made *in extremis,* and that it was made with the knowledge and fear of impending death upon the part of the deceased. There has not been any showing here on the part of the State that this deceased was even sick, or in fear of impending death."

When counsel offered this objection, the trial court conducted a preliminary investigation to determine its admissibility. He concluded that it was admissible as a dying declaration, and in this we think there was no error.

The defendant here contends that the question is ruled by *People* v. *Christmas,* 181 Mich. 634. The distinguishing fact in that case is that, when the declaration was made, the declarant was not *in extremis.* He lived for seven days thereafter and his death was not expected until two days before he died. In the instant case, the statement was made 16 hours before death. She was in a dying condition at the time. She talked of death, of her belief in God, of her willingness to die after having made the statement, and asserted that it was made "in fear of impending death."

With these facts before him, the trial judge correctly held that the statement was admissible as a dying declaration. His ruling is in harmony with *People* v. *Christmas, supra; People* v. *Cutler,* 197 Mich. 6; *People* v. *Powell,* 223 Mich. 633; *People* v. *Fritch,* 210 Mich. 343, and cases therein cited.

The judgment of conviction is affirmed.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.